UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAKIM RYDELL BRANCHE-JONES, et al.,

    Defendants.

Case No. 2:16-cr-00062-LRH-EJY

ORDER

The United States has filed a motion *in limine* to admit hearsay statements made by a deceased declarant. (ECF No. 224). Out of the five defendants in this case, only Hakim Rydell Branche-Jones and Darrin Wilder filed responses (ECF Nos. 242, 243). In addition to that motion, defendant Albert Jones has also filed a motion to sever his trial from the joint trial of Branche-Jones, Wilder, and Elizabeth Perez. (ECF No. 253).[1] For the reasons stated below, the Court grants the government's motion *in limine* and denies Jones's motion to sever.

**I. Factual Background and Procedural History**

This case has a somewhat convoluted procedural history. The government filed a single count criminal complaint against Branche-Jones and Wilder on February 9, 2016, alleging that both men conspired to distribute cocaine and methamphetamine from Las Vegas to Philadelphia. (ECF No. 1). The affidavit in support of the complaint indicated that the United States Postal Inspection Service intercepted a package in Philadelphia containing narcotics allegedly sent by

---

[1] The fifth defendant in this case, Alisha Perez, was severed from the joint trial of the other four defendants pursuant to this Court's February 20, 2019 order. (ECF No. 206).

Branche-Jones and Wilder. They, along with Jones, Alisha Perez, and Elizabeth Perez, were indicted in a four-count indictment on June 22, 2016. (ECF No. 31). Branche-Jones, Wilder, Alisha Perez, and Jones were indicted on count one (conspiracy to distribute a controlled substance); Alisha Perez and Branche-Jones were indicted on count two (possession of a firearm in furtherance of a drug trafficking crime) and count three (possession of a stolen firearm), and all five defendants were indicted on count four (conspiracy to money launder). (*Id*.)

Wilder filed a motion to sever, joined by Jones and Alisha Perez, on September 30, 2016, seeking severance of the conspiracy charges, gun charges, Jones, and Alisha Perez. (ECF No. 65). Following several deadline extensions, the Court denied most of Wilder's motion to sever on June 19, 2017. (ECF No. 138). As the Court noted in that motion, Jones and Alisha Perez made post-custodial, incriminating statements to law enforcement that implicated both them and the other defendants in the drug trafficking conspiracy. (*Id*. at 2). The Court found that each of the four counts were properly joined; there was a logical connection between the drug-trafficking conspiracy charge and the money laundering conspiracy charge because the defendants were accused of trying to launder the proceeds from their alleged drug trafficking scheme. (*Id*. at 4). As to the severing of Jones and Perez, the Court provisionally granted (and later granted) the motion to sever Perez because her statements to police could not be redacted in compliance with the Supreme Court's decision in *Bruton v. U.S.*, 391 U.S. 123 (1968). (*Id*. at 6–9). The Court denied the motion as to Jones because neither Wilder nor the government provided the court with sufficient information to determine if a redaction of his statements would avoid a *Bruton* issue. (*Id*. at 8). The Court also denied a motion to sever filed by Elizabeth Perez on March 15, 2019, for similar reasons. (ECF No. 210).

After additional extensions and continuances, the government filed a second superseding indictment against all defendants on July 31, 2019. (ECF No. 228). Counts one and two remained the same; Wilder and Branche-Jones were now indicted under count three (distribution of a controlled substance); Branche-Jones was indicted under count four (possession of a firearm in furtherance of a drug trafficking offense), all five defendants were still indicted under count five (conspiracy to launder money), and Branche-Jones, Alisha Perez, Jones, and Elizabeth Perez were

2

indicted under count six (conspiracy to structure). Prior to the filing of the second superseding indictment, on July 11, 2019, the government filed a motion *in limine* to admit statements at trial pursuant to Federal Rule of Evidence 804(b)(3). (ECF No. 224). Following that motion, Jones filed his own motion to sever on September 17, 2019. (ECF No. 253).

## II. Discussion

### A. The Government's Motion *in Limine* (ECF No. 224)

The United States's motion *in limine* seeks to introduce testimony from a deceased declarant at trial. Specifically, the government seeks to introduce the following testimony:

> (1) Witness #1 will testify that Deceased #1 told him [that] defendant [Branche-Jones] owed Deceased #1 approximately $100,000 for narcotics that Deceased #1 had "fronted" Branche-Jones, and that if there wasn't some form of payment, Deceased #1 was going to have to "repossess" Branche-Jones's vehicles;
>
> (2) Witness #2 will testify Deceased #1 told her [that] (a) he fronted drugs to Branche-Jones, which Branch-Jones shipped and lost in the mail, and (b) he told Branche-Jones to "[g]et this money or I'll give them your address."

(ECF No. 224 at 1–2). These statements undoubtedly constitute hearsay because they are out of court statements being offered for the truth of the matter asserted (that Branche-Jones was distributing narcotics). The government argues that under Federal Rule of Evidence 804(b)(3) (the hearsay exception for statements made against penal interests), the testimony from Witness #1 and Witness #2 should be admitted.

To admit a statement into evidence under Rule 804(b)(3), the proponent must show that: (1) the declarant is unavailable to testify as a witness; (2) the statement tends to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless believing it to be true, and (3) corroborating circumstances exist clearly indicating that the statement is trustworthy. *U.S. v. Paguio*, 114 F.3d 928, 932 (9th Cir. 1997). Here, there is no question that the first requirement is met because the declarant is deceased. For a declarant's statements to be "against his penal interest," the statements must subject him to criminal liability "in a real and tangible way." *U.S. v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir. 1978). The statement does not need to be a plain confession. *Id*. at 933 (citing *U.S. v. Slaughter*, 891 F.2d 691, 698 (9th Cir. 1989)). Such a determination must be made from the circumstances of each case

3

and can only be determined by viewing the statements in context. *Williamson v. U.S.*, 512 U.S. 594, 603 (1994).

In this case, the Court finds that Deceased #1's statements expose him to criminal liability, a reasonable person would not have made them unless true, and corroborating evidence indicates that the statements are trustworthy. Deceased #1 reportedly told Witness #1 that Branche-Jones owed Deceased #1 $100,000 for drugs he had given him. Deceased #1 then told Witness #2 that Branche-Jones had lost drugs Deceased #1 had given him, and if Branche-Jones did not repay him, Deceased #1 was going to give "them" Branche-Jones's address. The government does not specify who Deceased #1 meant by "them," only identifying "them" as "unidentified people in Mexico." (ECF No. 224 at 3). These statements clearly implicate Deceased #1 as engaging in an illegal drug trafficking scheme, exposing himself to criminal liability. Wilder argues that the Witness #1's statement is not wholly against interest because the "speaker [Deceased #1] is claiming that a third party [Branche-Jones] owes him $100,000." (ECF No. 243 at 2). But this argument completely ignores the reason why Deceased #1 is owed money – he allegedly fronted Branche-Jones illegal narcotics.

In its reply, the government states that Witness #1 was a "friend/acquaintance" of Deceased #1 and Witness #2 was Deceased #1's live-in girlfriend. (ECF No. 251 at 5). This speaks to both the trustworthiness and truthfulness of the of the statements. The fact that Deceased #1 made these statements to an associate and his live-in girlfriend (and not, for instance, law enforcement) is a strong indication that he would not have made them unless true. *C.f. U.S. v. Magana-Olvera*, 917 F.2d 401, 407 (9th Cir. 1990) (a reasonable person could have made the statements even if they were not true where declarant had a strong incentive to minimize his involvement in a drug distribution scheme after realizing that the person interviewing him, a law enforcement officer, was the one to whom he sold drugs). The corroborating evidence is within the statements themselves – Deceased #1 purportedly made two very similar statements to two different people. This tends to show that the statements truthfully portray the types of activities in which Deceased #1 was involved.

///

Branche-Jones does not address any of the three 804(b)(3) factors in his response but instead argues that before the Court can rule on the admissibility of the statements, the Court must find that the witness presenting the declarant's statements is credible. (ECF No. 242 at 2). The Court disagrees. A determination of a witness's credibility is a task assigned to the jury, not the Court. The jury can find that Witness #1 and Witness #2 are not credible and assign their testimony no weight if it so chooses. Branche-Jones does not cite to any Ninth Circuit caselaw imposing a credibility requirement on the admission of 804(b)(3) testimony. In fact, the Ninth Circuit has previously held just the opposite, stating that the "credibility of the witness remains an issue for the trier of fact once the statement has been admitted" in the context of 804(b)(3). *Padilla v. Terhune*, 309 F.3d 614, 620 (9th Cir. 2002). There is simply no requirement that the Court find the witness presenting the declarant's statement credible prior to admitting the statements into evidence.

The Court will accordingly grant the government's motion *in limine*.

### B. Jones's Motion to Sever (ECF No. 253)

In his motion to sever, Jones argues that the charges were impermissibly joined against him in violation of Federal Rule of Criminal Procedure 8(b). (ECF No. 254 at 3). Jones asserts that the only similarity between what he and his co-defendants are alleged to have done "is a conspiracy." (*Id*. at 4). He argues that his involvement in the "conspiracy" only amounted to him depositing money on behalf of his co-defendants for the cars they sold in furtherance of their money laundering scheme. (*Id*.) He states that he had no knowledge of his co-defendant's drug trafficking scheme. (*Id*.) Additionally, he argues that the firearm charge (count four) has no relation to any of the charges he faces (conspiracy to distribute a controlled substance and conspiracy to launder money). (*Id*.) The government did not file a response to Jones's motion.

Jones repeats many of the same arguments that the Court previously rejected when it denied Wilder's motion to sever. In that ruling, the Court stated that there was a logical connection between the drug trafficking conspiracy and the conspiracy to launder money – the defendants charged under both counts were alleged to have laundered the proceeds from the drug trafficking scheme. (ECF No. 138 at 4). Jones's assertion that he had no knowledge of the drug trafficking

5

scheme is belied by his lack of citations to evidence in the record demonstrating his professed lack of knowledge and the grand jury's determination that there was probable cause to believe that he participated in that scheme. The arguments that Jones makes in his motion are better directed towards the jury; the jury can either believe or not believe him if he testifies that he had no knowledge of his codefendant's drug trafficking scheme. Jones essentially asks the Court to take him at his word that he had no knowledge of the drug trafficking conspiracy.

Jones also argues that the "firearm charges do not relate to any of the charges Jones faces,"[2] but the Court has already concluded that Branche-Jones's charge of possession of a firearm in furtherance of a drug trafficking crime has a clear connection to at least one of Jones's charges. (ECF No. 138 at 3). As stated in the previous order, the government has alleged that Branche-Jones possessed handguns and a submachine gun to further the same drug trafficking conspiracy in which Jones allegedly participated. (ECF No. 228 at 3). As such, that charge is clearly related to the drug trafficking conspiracy, and under Federal Rule of Criminal Procedure 8(b), Jones does not have to be charged with that offense for joinder to be proper. The Court will accordingly deny his motion to sever.

### III. Conclusion

IT IS THEREFORE ORDERED that the government's motion *in limine* (ECF No. 224) is **GRANTED**.

IT IS FURTHER ORDERED that defendant Albert Jones's motion to sever (ECF No. 253) is **DENIED**.

IT IS SO ORDERED.

DATED this 28th day of October, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] (ECF No. 254 at 4).