# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-cr-00062-LRH-EJY |
| Plaintiff, | |
| vs. | **FINDING OF FACT, CONCLUSIONS OF LAW AND ORDER** |
| ALISHA PEREZ | |
| Defendant. | |

## **FINDINGS OF FACTS**

1. The parties agree to this continuance.

2. In the instant case, a Second Superseding Indictment was filed on July 31, 2019 (ECF 228). Defendant Perez was charged, among others, with the following counts: Conspiracy to Distribute a Controlled Substance (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846); Distribution of a Controlled Substance (21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(ii), and 846); Conspiracy to Money Launder (18 U.S.C. § 1956(a)(1)(B)(i), and 1956(h)); and Conspiracy to Structure (18 U.S.C. §371 and 31 U.S.C. § 5324(a)(1) & (d)(1)).

3. On October 7, 2020 Ms. Perez pleaded guilty to Conspiracy to Structure (18 U.S.C. §371 and 31 U.S.C. § 5324(a)(1) & (d)(1)). Ms. Perez's sentencing hearing was scheduled for December 29, 2020.

4. On December 21, 2020, Counsel Tirinnanzi was diagnosed with shingles and is currently under the care of a medical doctor. As of December 22, 2020, the symptoms are rapidly progressing and given the prognosis, her ability to prepare and meaningfully participate in the sentencing as currently scheduled has been severely compromised. Furthermore, Counsel Bliss is experiencing concerning symptoms in light of the current pandemic and in an abundance of caution has scheduled a COVID-19 test for this week.

5. The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

6. This is the first request for a continuance of the sentencing. The additional time requested herein is not sought for purposes of delay. No further continuances are anticipated, as Ms. Perez is eager to reach resolution in the matter.

7. Denial of this request for a continuance would deny counsel for Ms. Perez sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

## **CONCLUSION OF LAW**

For all the above-stated reasons, the ends of justice are served by granting the requested continuance for the following reasons: Additional time requested by this stipulation is reasonable

pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016). Failure to grant the continuance would deny parties sufficient time to meaningfully continue to prepare for sentencing, considering the exercise of due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

## **ORDER**

Based upon the stipulation of the parties, and good cause appearing, it is hereby ORDERED that Ms. Perez's sentencing hearing currently set for December 29, 2020 at 11:00 a.m. be VACATED.

IT IS FURTHER ORDERED that the sentencing hearing is reset for **Thursday, February 18, 2021**, at the hour of **11:00 a.m.** before Judge Larry R. Hicks.

IT IS SO ORDERED.

DATED this 22nd day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE