1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10
11

UNITED STATES OF AMERICA,

12

Plaintiff,

13
14

HAKIM RYDELL BRANCHE-JONES, et al,

15
16

Defendants.

CASE NO. 2:16-cr-00062-LRH-EJY

**FINDING OF FACT, CONCLUSIONS OF LAW AND ORDER**

17
18

**FINDINGS OF FACTS**

19
20

1.  The parties agree to this continuance.

21
22

2.  In the instant case, a Second Superseding Indictment was filed on July 31, 2019 (ECF 228). Ms. Perez was charged with Conspiracy to Distribute a Controlled Substance (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846); Distribution of a Controlled Substance (21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(ii), and 846); Conspiracy to Money Launder (18 U.S.C. § 1956(a)(1)(B)(i), and 1956(h)); and Conspiracy to Structure (18 U.S.C. §371 and 31 U.S.C. § 5324(a)(1) & (d)(1)). Mr. Wilder was charged with Conspiracy to Distribute a

23
24
25
26
27

Controlled Substance (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846); Distribution of a Controlled Substance (21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(ii), and 846); and Conspiracy to Money Launder (18 U.S.C. § 1956(a)(1)(B)(i), and 1956(h)). Mr. Jones was charged with Conspiracy to Money Launder (18 U.S.C. § 1956(a)(1)(B)(i), and 1956(h)); and Conspiracy to Structure (18 U.S.C. §371 and 31 U.S.C. § 5324(a)(1) & (d)(1)). Mr. Branche-Jones was charged with Conspiracy to Distribute a Controlled Substance (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846); two counts of Distribution of a Controlled Substance (21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(ii), and 846); Possession of a Firearm in Furtherance of a Drug Trafficking Offense (18 U.S.C. § 924(c)); Conspiracy to Money Launder (18 U.S.C. § 1956(a)(1)(B)(i), and 1956(h)); and Conspiracy to Structure (18 U.S.C. §371 and 31 U.S.C. § 5324(a)(1) & (d)(1)).

3. On October 7, 2020 Ms. Perez pleaded guilty to Conspiracy to Structure (18 U.S.C. §371 and 31 U.S.C. § 5324(a)(1) & (d)(1)). Mr. Wilder and Mr. Branche-Jones pleaded guilty to Conspiracy to Distribute a Controlled Substance (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846), and Mr. Jones pleaded guilty to Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i), and 1956(h)). Wilder, Branche-Jones, and Jones all entered their pleas in December 2019, shortly before the pandemic began, which would ultimately severely affect the Court's ability to conduct hearings throughout the majority of 2020.

4. At this time, the parties request a reasonable continuance due to Defense Counsel facing several logistical and scheduling related impediments brought on by pandemic-era constraints that adversely affect their ability to prepare for sentencing hearings on behalf of their clients; Counsel is actively arranging for alternative solutions to ensure clients are adequately prepared for sentencing, which is causing minor delay.

5.  Although Counsel for Defendant Wilder has been diligent in requesting information and interviewing witnesses, he was recently made aware of additional names of individuals to contact, and therefore requires additional time to complete the interviews, so to ensure Mr. Wilder is adequately prepared for sentencing.

6.  Furthermore, Counsel for Ms. Perez was made aware of additional sentencing issues on Tuesday March 23, 2021, which are important to her sentencing presentation to the Court but which require investigation.

7.  The parties recognize the various logistical and scheduling challenges for courts due to the pandemic and are amenable to waiting for a new sentencing date when this Court's schedule becomes more certain as to when Judge Hicks anticipates future travel to Las Vegas. The parties recognize it is most convenient for Judge Hicks to hold all sentencing hearings on the same day.

8.  The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim.P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

9.   This is the second request for a continuance of the sentencing for Ms. Perez. The additional time requested herein is not sought for purposes of delay. No further continuances are anticipated, Ms. Perez is eager to reach resolution in the matter and is not in custody. Co-defendants Wilder, Jones, and Branche-Jones also do not oppose the continuance, and do not anticipate further continuances.

10. Denial of this request for a continuance would deny counsel for co-defendants sufficient time to prepare for sentencing effectively and thoroughly, taking into account due

diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

## CONCLUSION OF LAW

For all the above-stated reasons, the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial and sentencing, since the failure to grant a continuance would likely result in a miscarriage of justice, would deny parties sufficient time to prepare for sentencing, considering the exercise of due diligence.

## ORDER

**IT IS HEREBY ORDERED** that the in-person sentencing hearing for Alisha Perez in this matter scheduled for April 8, 2021 at 4:00 p.m. is hereby vacated and continued to Thursday, May 13, 2021, at 2:30 p.m.

**IT IS HEREBY ORDERED** that the in-person sentencing hearing for Albert Jones in this matter scheduled for April 8, 2021 at 2:00 p.m. is hereby vacated and continued to Thursday, May 13, 2021, at 12:30 p.m.

**IT IS HEREBY ORDERED** that the in-person sentencing hearing for Darrin Wilder in this matter scheduled for April 8, 2021 at 1:00 p.m. is hereby vacated and continued to Thursday, May 13, 2021, at 11:30 a.m.

**IT IS HEREBY ORDERED** that the in-person sentencing hearing for Hakim Rydell Branche-Jones in this matter scheduled for April 8, 2021 at 12:00 p.m. is hereby vacated and continued Thursday, May 13 ,2021, at 10:30 a.m.

///

1

2    DATED this 30th day of  March, 2021.

3

4

5

6    _____
     LARRY R. HICKS
7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27